IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| DOUGLAS A. HIRANO, <br><br>　　　　　Plaintiff, <br><br>　vs. <br><br>LUCY ZHANG, DIRECTOR, RRC; <br><br>　　　　　Defendant. | CIV. NO. 19-00355 LEK-RT <br><br> FINDINGS AND RECOMMENDATION TO DISMISS PETITION AND DENY CERTIFICATE OF APPEALABILITY |

FINDINGS AND RECOMMENDATION TO DISMISS
PETITION AND DENY CERTIFICATE OF APPEALABILITY

　　　　Before the Court is Plaintiff Douglas A. Hirano's ("Petitioner") Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("Petition").  ECF No. 1.  Pursuant to Rule 7.1(c) of the Local Rules of Practice of the United States District Court for the District of Hawaii, the Court finds this matter suitable for disposition without a hearing.

　　　　Because Plaintiff is a pro se litigant, the Court will liberally construe his pleadings.  See Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir. 1987).  After careful review of the parties' submissions, the records in this case, and the applicable law, the Court FINDS and RECOMMENDS that the Petition should be DISMISSED.  The Court does not have jurisdiction to decide this case, and under 28 U.S.C. § 2244(a), this Court need not consider the Petition.  The Court further finds that a certificate of appealability should be DENIED.

RELEVANT BACKGROUND

Petitioner challenges the calculation and restoration of his good time conduct credits pursuant to the First Step Act ("First Step Act" or "Act"). Petitioner states that prior to the Act, his release date was December 12, 2019. Petitioner argues that under the First Step Act, his new maximum release date should be July 25, 2019 because he has 138 days of good time credit. However, the Federal Bureau of Prisons ("BOP") determined that Petitioner's release date is September 19, 2019, which according to Petitioner, shows that he has lost 54 days of earned good time credits. Petitioner does not challenge the validity of his conviction or sentence.

On September 9, 2019, the United States of America ("United States"), on behalf of Respondent Lucy Zhang, Director, Mahoney Honey Hale Residential Reentry Center, filed a Motion to Dismiss Petitioner's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("Response"). ECF No. 7. The United States points out that Petitioner had filed a Writ of Habeas Corpus in United States District Court of the District of Colorado ("Colorado District Court") that raises the same issue that Petitioner raises in this case. The Colorado District Court in Hirano v. Williams, No. 1:19-cv-00803-GPG (D. Col. Aug. 30, 2019), determined that under the Act, the statutory release date of September 19, 2019 is correct. The United States thus argues that the Petition is a successive writ and should be dismissed.

On October 22, 2019, the United States filed a Notice of Re-Calculation of Petitioner's Projected Release Date ("Notice"). ECF No. 11. The Notice states that Petitioner's projected release date was recalculated from September 19, 2019 to

December 12, 2019 because of several instances of misconduct, which occurred on August 2019. Id. The United States explains that the August 2019 instances of misconduct are unrelated to the issues raised in the Petition. Id. As such, the United States argues that Petitioner may not challenge the newly calculated release date through the pending Petition. Id.

## DISCUSSION

"Under 28 U.S.C. § 2241, habeas corpus relief is available to a federal prisoner in custody under the authority of the United States if he can show he is 'in custody in violation of the Constitution or laws or treaties of the United States.'" Blankenship v. Meeks, CV. No. 11-00443 DAE-KSC, 2011 WL 4527408 at *2 (D. Haw. Sept. 28, 2011) (citing 28 U.S.C. § 2241(c)(1), (3)). "[A] petitioner challenging the manner, location, or conditions of the execution of [a] sentence is required to bring a petition of writ of habeas corpus under 28 U.S.C. § 2241." Id. (citations omitted). See also, United States v. Giddings, 740 F.2d 770, 772 (9th Cir. 1984); Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1990) (distinguishing between a 2255 petition, which tests the imposed sentence, with a § 2241, which tests the sentence "as it is being executed"). Here, the Petition is properly brought under 28 U.S.C. § 2241 because the Petitioner is challenging the calculation of his release date. "Under § 2241, a habeas corpus petition must be brought in the judicial district of the petitioner's custodian." Id. (citation omitted). The Petition is properly brought in this judicial district because Petitioner is in custody at the Federal Detention Center, Honolulu. See ECF No. 9; FEDERAL BUREAU OF PRISONS, Find an Inmate, https://www.bop.gov/inmateloc/ (last visited Oct. 22, 2019).

3

The district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. The Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rule"), Rule 4, is applicable to § 2241 through Habeas Rule 1(b). Under Rule 4, "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition . . . " Habeas Rule, 4. The district court should not dismiss a habeas petition "without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted." Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971) (citing Pembrook v. Wilson, 370 F.2d 37, 39, n.4 (9th Cir. 1966); Wilson v. Wilson, 372 F.2d 211, 212 (9th Cir. 1967)).

In this case, an order to show cause is not necessary because Petitioner is not entitled to relief for two reasons: (1) there is no case or controversy such that leave to amend would be appropriate; and (2) the exact issue before this Court has already been determined by a court of the United States in a prior application for a writ of habeas corpus. Further, the Petition should be dismissed without leave to amend as there is no tenable claim for relief that can be plead if leave to amend were granted.

I.      The Court Lacks Jurisdiction to Consider the Petition.

This Court does not have jurisdiction to review this case. Article III of the United States Constitution restricts federal court jurisdiction to cases in which standing has been established. See Northeastern Florida Chapter of Associated General Contractors of America v. City of Jacksonville, Fla., 508 U.S. 656, 663-64 (1993). "The doctrine of

4

standing is 'an essential and unchanging part of the case-or-controversy requirement of Article III." Id. (citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992)). To establish standing:

> a party seeking to invoke a federal court's jurisdiction must demonstrate three things: (1) "injury in fact," by which [is] mean[t] an invasion of a legally protected interest that is "(a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical"; (2) a causal relationship between the injury and the challenged conduct, by which [is] mean[t] that the injury "fairly can be traced to the challenged action of the defendant," and has not resulted "from the independent action of some third party not before the court"; and (3) a likelihood that the injury will be redressed by a favorable decision, by which [is] mean[t] that the "prospect of obtaining relief from the injury as a result of a favorable ruling" is not "too speculative."

Id. (citing Allen v. Wright, 468 U.S. 737, 752 (1984)) (internal citations omitted).  When the Petition was filed on July 5, 2019, Petitioner was in custody at Mahoney Hale, 909 Kaamahu Place, Honolulu Hawaii 96817.  ECF No. 1.  He claimed that his release date set for September 19, 2019 was incorrect and that under the First Step Act, his release date should be July 20, 2019.  Id.  Petitioner's original release date prior to enactment of the Act was December 12, 2019.  Id.  Indeed, when the Petition was filed, Petitioner had standing.  Petitioner claimed he suffered an injury due to the miscalculation of his release date, he alleged a causal connection between his injury and the alleged miscalculation, and his injury would have been resolved by a favorable decision by the court.

However, "[t]o qualify as a case fit for federal-court adjudication, an actual controversy must be extant at all stages of review, not merely at the time the [petition] is filed." Arizonans for Official English v. Arizona, 520 U.S. 43, 45 (1997) (citing Preiser v. Newkirk, 422 U.S. 395, 401 (1975)).  See also Daimler Chrysler Corp. v. Cuno, 547 U.S. 332, 341-42 (2006) (citing Raines v. Byrd, 521 U.S. 811, 818 (1997) (Article III

5

restricts federal court jurisdiction to actual cases or controversies)).  The Court finds that Petitioner's circumstances have changed since the Petition was filed.  The United States' Notice states that due to several instances of misconduct in August 2019, Petitioner's projected release date was changed from September 19, 2019 to December 12, 2019.  ECF No. 11.  Indeed, Petitioner is currently in custody even though Petitioner's purported July date as well as the September release date have passed.

When circumstances change while a case is pending such that "the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome," then "a case is moot."  Powell v. McCormack, 395 U.S. 486, 497 (1969) (citation omitted).  "The doctrine of mootness, which is embedded in Article III's case or controversy requirement, requires that an actual, ongoing controversy exist at all stages of federal Court proceedings."  Pitts v. Terrible Herbst, Inc., 653 F.3d 1081, 1086 (2011).  Because Petitioner's release date needed to be recalculated, Petitioner no longer has a redressable injury arising from the miscalculation alleged in his Petition.  See Golden v. Zwickler, 394 U.S. 103, 108 (1969) ("The federal courts established pursuant to Article III of the Constitution do not render advisory opinions").  Consequently, because events subsequent to the filing of the Petition made Petitioner's dispute irrelevant, the case should be dismissed as moot.  Pitts, 653 F.3d at 1087 (citing Stratman v. Leisnoi, Inc., 545 F.3d 1161, 1167 (9th Cir. 2008); DHX, Inc. v. Allianz AGF MAT, Ltd., 425 F.3d 1169, 1174 (9th Cir. 2005)).

Further, this case does not fall within the capable-of-repetition doctrine, which is an exception to the mootness doctrine.  See Spencer v. Kemna, 523 U.S. 1, 17 (1998).

6

"[T]he capable-of-repetition doctrine applies only in exceptional situations . . . where the following two circumstances [are] simultaneously present: '(1) the challenged action [is] in its duration too short to be fully litigated prior to cessation or expiration, and (2) there [is] a reasonable expectation that the same complaining party [will] be subject to the same action again.'" Id. (citing City of Los Angeles v. Lyons, 461 U.S. 95, 109 (1983) (citations omitted) (alterations in original). The First Step Act was enacted on December 21, 2018, but "[did] not take effect until July 19, 2019--the date by which the Attorney General must establish 'the risk and needs assessment system.'" Pub. L. No. 115-391, 132 Stat. 5194; Bottinelli v. Salazar, 929 F.3d 1196, 1197-98 (9th Cir. 2019). Petitioner's purported release date falls on the day after the First Step Act took effect. However, the Court cannot find that the time between the BOP's calculation of a release date under the First Step Act and the date of release is always so short as to evade review. Moreover, the Court cannot find that there is a reasonable likelihood that Petitioner will be subject to a miscalculation of good time credits "again" given that the BOP's calculation of Petitioner's good time credit under the First Step Act was previously found to be correct by the Colorado District Court. See infra Part II.

      Accordingly, the Court lacks jurisdiction to consider the Petition. Due to Petitioner's failure to meet Article III's case or controversy requirement and the Court's finding that the Petition is moot, the Court further FINDS that there is no tenable claim for relief that could be stated in an amendment that would cure this Court's lack of jurisdiction.

II.   Petitioner's Claim Under the First Step Act Has Already Been Determined by the United States District Court for the District of Colorado.

In addition to the Court's lack of jurisdiction, the merits of Petitioner's claim have already been adjudicated. The doctrine of res judicata does not apply to habeas petitions. Doo v. United States, 265 U.S. 239, 240 (1924); Magwood v. Patterson, 561 U.S. 320, 325 (2010). However, 28 U.S.C. § 2244(a) provides guidance defining the finality of decisions regarding habeas petitions:

> No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255.[1]

28 U.S.C. § 2244(a). Petitioner filed a case in the Colorado District Court that raises an issue that is identical to the issue in this case. Hirano v. Williams, No. 1:19-cv-00803-GPG (D. Col. Aug. 30, 2019). In both the Colorado and the Hawaii case, Petitioner claims that the BOP incorrectly calculated his release date as September 19, 2019. The Colorado Court reviewed the BOP's calculation of Petitioner's release date and found that "the BOP correctly calculated [Petitioner's] new good conduct time credits under the First Step Act and his resulting September 19, 2019 release date." Id. Petitioner did not produce any new information in his Petition that would affect the Colorado Court's decision. Thus, the legality of Petitioner's September 19, 2019 release date was determined by a court of the United States, the Colorado District Court, pursuant to Petitioner's prior application for a writ of habeas corpus. See 28 U.S.C. § 2244(a).

---

[1] 28 U.S.C. § 2255 does not apply in this case.

8

Accordingly, under 28 U.S.C. § 2244(a), this Court need not review the issue again and dismissal of the Petition is appropriate.

The United States urges the Court to find that the Petition should be dismissed because it is a successive habeas petition. This Court need not find that the Petition is successive in order to recommend a dismissal under 28 U.S.C. § 2244. "Second or successive" habeas petition "is a term of art in habeas corpus law," and appears in 28 U. S. C. § 2244(b), which applies to habeas petitions brought under 28 U.S.C. § 2254. As stated earlier, § 2244(a) only requires the Court to find that the legality of Petitioner's release date was previously determined by a court of the United States in order to decline review. See Goodrum v. Busby, 824 F.3d 1188, 1193 (9th Cir. 2016) (citing Magwood v. Patterson, 561 U.S. 320, 336-37 (2010); Muniz v. United States, 236 F.3d 122, 127 (2d Cir. 2001)) (for habeas petitions brought under 28 U.S.C. § 2254, "[w]hether a petition is second or successive remains a threshold question . . . ").

In any event, the Petition is not successive to the Colorado petition. "A habeas petition is second or successive only if it raises claims that were or could have been adjudicated on the merits." McNabb v. Yates, 576 F.3d 1028, 1029 (9th Cir. 2009) (citing Woods v. Carey, 525 F.3d 886, 888 (9th Cir. 2008)). "A disposition is 'on the merits' if the district court either considers and rejects the claims or determines that the underlying claim will not be considered by a federal court." McNabb, 576 F.3d at 1029 (citing Howard v. Lewis, 905 F.2d 1318, 1322 (9th Cir. 1990)). However, "[a]s a general principle . . . a petition will not be deemed second or successive unless, at a minimum, an earlier-filed petition has been finally adjudicated." Goodrum, 824 F.3d at 1194 (citing

9

Woods, 525 F.3d at 889). "Thus, when a petitioner files a new petition while his first petition remains pending, courts have uniformly held that the new petition cannot be deemed second or successive." Goodrum, 824 F.3d at 1194 (citing United States v. Sellner, 773 F.3d 927, 931-32 (8th Cir. 2014); Ching v. United States, 298 F.3d 174, 177 (2d Cir. 2002)). In this case, Petitioner's Colorado case was decided on August 30, 2019, but Petitioner filed the instant Petition on July 5, 2019. Thus, the Colorado case was still pending when Petitioner filed his Petition in Hawaii. Pursuant to Goodrum, the new Petition, the Hawaii Petition, cannot be found successive.

Further, § 2255(h) provides guidelines as to certifying a second or successive motion. These guidelines require that in order to be certified as a second or successive motion, there must be "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h)(1)-(2). The Petition does not meet either of these criteria. Moreover, to be deemed a second or successive petition, the Petitioner is required to "obtain an order from the appropriate court of appeals authorizing the district court to consider the petition . . . " Habeas Rule 9; 28 U.S.C. §§ 2244(b)(3) & (4). Petitioner has not obtained such an order.

III.   Certificate of Appealability

"The district court must issue or deny a certificate of appealability [("COA")] when it enters a final order adverse to the applicant." Habeas Rule 11(a); see Tanner v.

MacDonald, Civ. No. 11-00255 SOM-RLP, 2011 WL 1598838, at *1 n.2 (D. Haw. Apr. 27, 2011) (the Habeas Rules also apply to 28 U.S.C. § 2241 petitions).  "The standard for a certificate of appealability is lenient." Claxton v. United States, No. CIV. 12-00433 JMS-KSC, 2013 WL 1136704, at *11 (D. Haw. Mar. 18, 2013) (citing Hayward v. Marshall, 603 F.3d 546, 543 (9th Cir. 2010) (en banc), overruled on other grounds by Swarthout v. Cooke, 562 U.S. 216 (2011)).  The standard is whether "reasonable jurists could debate the district court's resolution or that the issues are adequate to deserve encouragement to proceed further." Id.  "The standard 'requires more than the absence of frivolity but something less than a merits determination.'" Id.

The Court carefully reviewed the Petition and liberally construed Petitioner's allegations.  Reasonable jurists could not find the Court's findings and recommendations debatable.  This Court plainly lacks jurisdiction because Petitioner's claim is moot, and the legal issue in the Petition has already been resolved by the Colorado District Court.  Accordingly, the Court finds that the certificate of appealability ("COA") should be denied.

//

//

//

//

//

//

//

CONCLUSION

Based on the foregoing, the Court FINDS and RECOMMENDS that United States of America's Motion to Dismiss Petitioner's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 should be GRANTED for the reasons stated above, and Plaintiff's Petition be DISMISSED WITH PREJUDICE.  The Court further FINDS and RECOMMENDS that the certificate of appealability should be DENIED.

IT IS SO FOUND AND RECOMMENDED.

DATED:  Honolulu, Hawaii, October 25, 2019.



/s/ Rom A. Trader
Rom A. Trader
United States Magistrate Judge

_____
Civ. No. 19-355 LEK-RT; *Hirano v. Zhang*; Findings and Recommendation to Dismiss Petition and Deny Certificate of Appealability